**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RYAN THOMAS MITCHELL,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CASE NO. 3:24-CV-2243-G-BK** |
| | § | |
| **WALSH GALLEGOS KYLE** | § | |
| **ROBINSON & ROALSON, P.C.,** | § | |
| **DEFENDANT.** | § | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 1. *Defendant Walsh Gallegos Kyle & Roalson, P.C.'s Motion to Dismiss Plaintiff's Original Complaint*, Doc. 9, is before the Court for findings and a recommended disposition. For the reasons detailed herein, the motion should be **GRANTED IN PART**.

## I. BACKGROUND

Plaintiff Ryan Thomas Mitchell, proceeding *pro se*, filed his *Complaint* on September 3, 2024, asserting employment discrimination claims against his former employer, Defendant Walsh Gallegos Kyle Robinson & Roalson, P.C. Doc. 1, *passim*.

As stated in the *Complaint*, Plaintiff was employed as an associate attorney by Defendant law office from January 2023 until about October 2023. Doc. 1 at 5-6. Plaintiff alleges that during his tenure, he was discriminated against by supervisory employees based on his age (40 years) and gender (male). Doc. 1 at 6-8. Plaintiff further alleges that at a meeting with supervisory staff on or about October 23, 2023, he was told he was being terminated and was

requested to submit a resignation letter, which he did, resulting in his constructive termination. Doc. 1 at 2-6.

On May 21, 2024, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq*, and the Age Discrimination in Employment Act ("ADEA"). Doc. 9-1 at 4-5. On May 30, 2024, the EEOC issued a "Determination and Notice of Rights," or right-to-sue letter, which stated: "If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." Doc. 1-1 at 1 (emphasis in original). Plaintiff claims he received the EEOC's right to sue letter on June 3, 2024.

Defendant seeks dismissal under FED. R. CIV. P. 12(b)(6) for failure to state a claim and under FED. R. CIV. P. 41(b) for failure to prosecute. Doc. 9 at 7. Specifically, Defendant argues that Plaintiff's claims are barred by the applicable statute of limitations and that Plaintiff has not prosecuted this case in over two years. Doc. 9 at 10-14. Plaintiff has failed to respond to the motion *sub judice*, even after being ordered by the Court to do so. *See* Doc. 11.

## II. APPLICABLE LAW

### A. Rule 12(b)(6)

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (cleaned up). But the Court cannot

"accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (cleaned up).

To survive a Rule 12(b)(6) motion, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted). Put differently, courts must be able to reasonably infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Generally, courts must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers") (cleaned up); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). But although proceeding *pro se*, Plaintiff is a licensed attorney. "[C]ounsel is held to a higher standard than a *pro se* litigant." *Wright v. McCain*, 703 F. App'x 281, 284 (5th Cir. 2017) ("'it would be rather peculiar to treat a trained attorney's error more leniently than' that of a pro se litigant") (quoting *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)). *See Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977) (declining to give a *pro se* litigant the "liberal construction of his complaint normally given [to] pro se litigants" because he was a licensed attorney).

**B. Rule 41(b)**

Under Federal Rule of Civil Procedure 41(b), a district court may, on a defendant's motion, dismiss an action for failure to prosecute or comply with any court order. *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). When warranted, dismissal for want of prosecution

"is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. 626). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (cleaned up).

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). However, where, as here, a litigant may be barred by the statute of limitations from reasserting his claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice. *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B 1981).

Under such circumstances, a court may dismiss for want of prosecution only upon a clear record of delay or contumacious conduct by the plaintiff and a finding that lesser sanctions would not suffice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (citation omitted). Generally, dismissal with prejudice is appropriate if the Court finds one or more of the

following aggravating factors: (1) delay attributable to the plaintiff, not to his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct. *Id.*

## III. Analysis

### A. This Action Was Timely Filed

Contrary to Defendant's assertion, Plaintiff timely filed the instant lawsuit.

Under Title VII and the ADEA, a plaintiff generally must file suit within 90 days after receiving the EEOC's right-to-sue notice. *See* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); *January v. Texas Dep't of Criminal Justice*, 760 F. App'x 296, 299 (5th Cir. 2019) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (applying the 90-day period to a claim under Title VII); *St. Louis v. Tex. Worker's Comp. Comm'n*, 65 F.3d 43, 47 (5th Cir. 1995) (applying the 90-day period to the ADEA)). The 90-day period runs from the date the plaintiff receives the letter, not when the right-to-sue letter is issued by the EEOC. *Bunch v. Bullard*, 795 F.2d 384, 387-88 (5th Cir. 1986).

Here, Plaintiff's right-to-sue letter was mailed on May 30, 2024, and Plaintiff alleges that he received it on June 3, 2024. Plaintiff filed this lawsuit on September 3, 2024. *See* Doc. 1-1; Doc. 1. Ninety days after June 3, 2024, is September 1, 2024. But, because September 1, 2024, was a Sunday, the deadline is extended to the next day that is not a Saturday, Sunday, or legal holiday. Because September 2, 2024, was Labor Day, Plaintiff's deadline to file was September 3, 2024, the date Plaintiff actually filed this lawsuit. Thus, Plaintiff's lawsuit was timely filed. Defendant appears to erroneously calculate the limitations period on May 30, 2024, the date the EEOC *issued* Plaintiff the right to sue letter. *See* Doc. 9 at 9-10.

Accordingly, Defendant's motion to dismiss the Complaint as untimely should be denied.

**B. Dismissal Is Warranted for Failure to Prosecute**

Defendant also argues that Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Doc. 9 at 12. Upon review, the Court agrees.

Plaintiff has taken no action in this case since filing his *Complaint* over two years ago. After Plaintiff failed to respond to the instant motion to dismiss, the Court ordered him, *sua sponte*, to respond by April 2, 2026. Doc. 11. The Order specifically stated, "[i]f Plaintiff fails to comply with this Order, *the undersigned may recommend that the district judge dismiss his claims against Defendant without further notice*." Doc. 11 (emphasis added). Despite the warning, Plaintiff still failed to respond, and the deadline to do so has long since passed.

Because Plaintiff is proceeding *pro se,* he alone bears the responsibility for his noncompliance with the Court's orders. His prolonged period of complete inactivity in this action also reflects a clear record of delay. *See Morris v. Ocean Systems, Inc.*, 730 F.2d 248, 252 (5th Cir. 1984) (recognizing that "'significant periods of total inactivity'" may "constitute a clear record of delay") (citation omitted). Indeed, the docket reflects that Plaintiff has effectively abandoned this case. And the prejudice caused to Defendant by any further delay outweighs Plaintiff's interest in a decision on the merits. Additionally, Plaintiff's unexcused failure to comply with the Court's Order constitutes "intentional misconduct." Under these circumstances, and particularly in light of the Court's prior warning, the Court finds that no lesser sanction would prompt diligent prosecution of this action. Accordingly, dismissal under Rule 41(b) is warranted, even if limitations may prevent further litigation of Plaintiff's claims. *See Berry*, 975 F.2d at 1191.

## IV. CONCLUSION

For the foregoing reasons, *Defendant Walsh Gallegos Kyle & Roalson, P.C.'s Motion to Dismiss Plaintiff's Original Complaint*, Doc. 9, should be **GRANTED IN PART**, to-wit, this case should be dismissed under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute. Upon acceptance of this recommendation, the Clerk of the Court should be directed to close this case.

**SO RECOMMENDED** on September 11, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).